By the Court:

Barbour, C.J.
These are appeals from two orders, denying the plaintiff’s motions to review and re-settle the case.
The first of those orders was made at Chambers by the Justice before whom the cause was tried and the case settled, and denied the plaintiff’s motion to insert certain matter in the case which such Justice had directed to be stricken therefrom on the settlement. It was as follows :
After a motion had been made on the part of the defendant to dismiss the complaint and granted by the court, the plaintiff’s counsel asked the Judge, “ whether he ruled that the plaintiff so abandoned his interest in these premises as to deprive him of the right to insist upon the performance of the covenant 2 To which the court answered, Yes, sir.’ And, thereupon, the plaintiff’s counsel excepted to that ruling.” It is the matter within the quotation marks that was sought to be inserted in the case. Affidavits showing that «those proceedings occurred upon the trial were read in evidence, and viere undisputed.
*386 , The second motion was of the same character, and was made at Special Term before another Judge, after the first motion for a re-settlement had been made and decided.
It is not true, as is claimed by the defendant’s counsel in his argument here, that “ it rests with the judge and his conscientious sense of duty to say what shall be inserted in or excluded from, a case, in an action tried before him.” The appellant has a perfect right to put into his case on appeal from a judgment rendered at a jury term, all the rulings and decisions of court directly affecting his rights in the action, and to which he regularly and duly excepted. But a statement by the judge of some or all of the reasons which have operated upon his mind, and induced his ultimate decision upon the question before him, is not the subject of an exception. The first motion to re-settle the case and insert the proposed matter was, therefore, properly denied, and the order thereupon should be affirmed with costs.
Those reasons are sufficient to require the affirmance of the second order. It may be proper, however, to say that the proceeding before a judge other than the one before whom the trial was had, and that, too, after the latter had, upon a similar motion, refused to permit the insertion of the excluded matter, was wholly irregular. Upon the decision of the first motion, the "question was so far res judicata, that no other motion of the same character could properly be made, even before the same judge, without obtaining leave to make it. The proper course for the aggrieved party would have been to appeal from the first order to the General Term, as he has since done. The second order must, therefore, be affirmed, with costs.